UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GALINA MEDVEDEVA, <br>            Plaintiff, <br>     v. <br> CITY OF KIRKLAND, *et al.*, <br>            Defendants. | No. C14-7RSL <br><br> ORDER GRANTING IN PART, DENYING IN PART, AND RESERVING IN PART DEFENDANTS' MOTIONS IN LIMINE |

This matter comes before the Court on "Defendants' Motions in Limine." Dkt. # 51. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

**(1) Exclusion of Witnesses Until Discharged**

Non-party witnesses will be excluded from trial pursuant to Federal Rule of Evidence 615.

Defendants' first motion in limine is GRANTED.

**(2) Golden Rule and Sympathy Arguments**

Plaintiff is precluded from arguing that jurors should place themselves in her shoes, suggesting that jurors vote in favor of future victims, or otherwise making assertions that invite the jury to make decisions based on passion or bias rather than on the evidence. The Court will

ORDER GRANTING IN PART
DEFENDANTS' MOTIONS IN LIMINE

not broadly prohibit plaintiff from "appealing to sympathy," as defendants request.

Defendants' second motion in limine is GRANTED in part.

**(3) Reference to Plaintiff's Motivations**

The Court will discuss this issue with counsel after jury selection.

The Court RESERVES ruling on defendants' third motion in limine.

**(4) Existence of Insurance and Possible Indemnification of Officers**

Plaintiff agrees not to solicit evidence regarding defendants' insurance or possible indemnification.

Defendants' fourth motion in limine is GRANTED.

**(5) Undisclosed Opinions, Including Medical Causation and Prognosis**

Federal Rule of Civil Procedure 26(a)(2)(A) requires that all expert witnesses be disclosed. Expert witnesses must either prepare a detailed written report under Rule 26(a)(2)(B) or, if not required to provide a written report, the party must disclose: "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). Treating physicians are likely to testify as both a fact and expert witness, and accordingly are subject to the disclosure requirements of Rule 26(a)(2)(C). See Allegro Ventures, Inc. v. Almquist, 2014 WL 1871628, at *14 (S.D. Cal. May 8, 2014); Gonzalez v. City of McFarland, 2014 WL 5781010, at *9 (E.D. Cal. Nov. 5, 2014). If a party does fails to provide information required by Rule 26(a), the party is not allowed to use that information at trial, unless failure to provide the information was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1).

Plaintiff has identified three medical providers who "can testify to [her] injuries and damages . . . ." Dkt. # 52-3 at 3-4. Plaintiff has not disclosed the information required by Rule 26(a)(2)(C). Nor has Plaintiff offered any argument that the failure to provide this information was substantially justified or harmless. Therefore, the medical providers identified by Plaintiff

in her initial disclosures will not be permitted to express any opinions, although each may still be permitted to testify regarding their direct factual observations.

Defendants' fifth motion in limine is GRANTED.

**(6)  Evidence of Medical Costs, Reasonableness and Necessity**

Plaintiff does not intend to offer any evidence on medical special damages.

Defendants' sixth motion in limine is GRANTED.

**(7)  Evidence of Legal Fees and Costs**

Defendants seek to exclude evidence of legal fees and costs because Plaintiff did not disclose these damages in her initial disclosures and failed to supplement her responses to Defendants' discovery requests on this subject, in which she stated that she paid $500 in bail and that her legal fees were unknown at the time.  Only if this failure to disclose or supplement is "substantially justified or harmless" may plaintiff offer this evidence.  Fed. R. Civ. P. 37(c)(1). The burden is on the plaintiff to demonstrate the harmlessness of her failure to disclose or supplement.  See Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1107 (9th Cir. 2001).

Plaintiff argues that her mother testified regarding Plaintiff's legal fees in a November 2014 deposition and that "records were subpoenaed by defendant early in the litigation." Dkt. # 56 at 8.  Defendants offer no reply to these assertions.  The Court concludes that plaintiff has demonstrated that her failure to disclose or supplement the information she provided regarding legal fees and costs is harmless.

Defendants' seventh motion in limine is DENIED.

**(8) Photographs and Diagrams**

Defendants seek to exclude 28 photographs and two diagrams of plaintiff's mother's apartment that were not produced in discovery.  This evidence is responsive to defendants' discovery requests, which asked for photographs and diagrams.

Plaintiff argues that the photographs were taken after the close of discovery for the

purpose of trial, and therefore are protected from disclosure under Federal Rule of Civil Procedure 26(b)(3). Defendants have not claimed that they have a substantial need for the materials or that they cannot, without undue hardship, obtain their equivalent through other means. Therefore, the Court finds that the photographs are protected from discovery under Rule 26(b)(3) and that plaintiff may use them at trial, provided the other requirements for admissibility are met.

Plaintiff does not provide any explanation for why the two diagrams were not produced during discovery. Nonetheless, plaintiff may use these diagrams unless defendants object that they are inaccurate or otherwise unfair.

Defendants' eighth motion in limine is DENIED in part and RESERVED in part.

**(9) Offers of Settlement**

Defendants seek to exclude evidence of settlement negotiations between the parties. The Court presumes that defendants intended to exclude this evidence pursuant to Federal Rule of Evidence 408, rather than 410. Plaintiff agrees not to refer to the parties' participation in the court-mandated ADR process, any related discussions, or any offers or demands.

Defendants' ninth motion in limine is GRANTED.

**(10) Officers' State of Mind During the Incident**

The parties agree that the officers' state of mind is not relevant to the Fourth Amendment's reasonable force test. The officers' state of mind is relevant, however, to plaintiff's claim of outrage, which requires that plaintiff prove the officers inflicted emotional distress intentionally or recklessly. See Kloepfel v. Bokor, 149 Wn. 2d 192, 195 (2003) (listing elements for a claim of outrage). The officers' subjective intent also is relevant to punitive damages. See Smith v. Wade, 461 U.S. 30, 56 (1983) ("[A] jury may be permitted to assess punitive damages in an action under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.").

Defendants' tenth motion in limine is DENIED.

**(11) Punitive Damages**

Defendants seek to exclude evidence regarding punitive damages based on their conclusion that there are insufficient facts to support such an award. Defendants could have moved for summary judgment on plaintiff's punitive damages claim, but did not. Accordingly, the Court will allow plaintiff to present evidence relevant to the punitive damages she seeks.

Defendants' eleventh motion in limine is DENIED.

**(12) Opinions of Plaintiffs' Expert Jakupcak**

Defendants seek to exclude the testimony of Dr. Jakupcak because he did not comply with his subpoena and because plaintiff's counsel did not provide the requested records until three months after Dr. Jakupcak's deposition, on February 27, 2015. Defendants have not shown how they were harmed by Dr. Jakupcak's failure to comply with the subpoena. Total exclusion of Dr. Jakupcak's testimony for the delayed production of these documents would be an extreme sanction.

Defendants' twelfth motion in limine is DENIED.

**(13) Opinions Outside of Area of Expertise**

**(a) The Water Leak was "Not a Safety Risk"**

Defendants seek to exclude testimony from Dr. Jakupcak that the water leak was not a safety risk. Plaintiff appears to agree by arguing that there should be no testimony regarding whether the water leak was a safety risk from any witness. Dr. Jakupcak shall not testify regarding the safety risk posed by the water leak because that topic is outside of his expertise. See Fed. R. Evid. 702.

Subpart (a) of defendants' thirteenth motion in limine is GRANTED.

**(b) Police Procedure**

Defendants seek to exclude testimony from Dr. Jakupcak regarding proper police protocols. Plaintiff responds that she does not intend to ask Dr. Jakupcak about police

procedures, but that she does intend to ask him about "deescalation of a traumatic situation and how the officers' conduct affected plaintiff's mental health." Dkt. #56 at 13. The Court is unable to assess the propriety of Dr. Jakupcak's potential testimony regarding deescalation or the effect of the officers' conduct on plaintiff's mental health based on the motion in limine. Defendants are free to raise their objections to testimony on these topics during trial and the Court will make its ruling then.

Subpart (b) of defendants' thirteenth motion in limine is RESERVED.

### (c) "Military Sexual Trauma" (MST) Opinions

Defendants seek to prevent Dr. Jakupcak from testifying regarding the rate of sexual trauma experienced by female veterans relative to the civilian population because it is not relevant to the matters in this case. The Court agrees; testimony regarding rates of sexual assault will not be permitted. See Fed. R. Evid. 402.

Defendants further seek to prevent Dr. Jakupcak from asserting that plaintiff is a victim of MST. The Court will not prevent Dr. Jakupcak from using this term in his testimony and will allow him to testify regarding MST to the extent that the topic is within the scope of his expertise and report and is not otherwise objectionable.

Subpart (c) of defendants' thirteenth motion in limine is GRANTED in part.

### (14) Prior Incidents Must be Constitutional Violations to Be Admissible

Defendants want to exclude evidence regarding other incidents regarding the Kirkland Police Department and the mentally ill. Plaintiff does not intend to introduce such evidence.

Defendants' fourteenth motion in limine is GRANTED.

### (15) Post-Incident Actions by the Police Department

Defendants seek to exclude evidence that the Police Department sent many of its officers to "CIT" training after the incident that gave rise to this lawsuit. Federal Rule of Evidence 407 prevents subsequent remedial measures from being admitted to prove culpable conduct, and Plaintiff provides no reason why this rule would not apply to ADA claims. Plaintiff will not be

permitted to introduce evidence of subsequent "CIT" training to prove culpable conduct, though the evidence may be admissible for other purpose.

Defendants' fifteenth motion in limine is GRANTED in part.

**(16) Plaintiff's Mistreatment at The Snohomish County Jail**

Defendants seek to exclude evidence pertaining to Plaintiff's treatment at the Snohomish County Jail the night she was arrested because incidents at the Jail are irrelevant to the liability of the City and its officers. Plaintiff argues that the issue is one of proximate cause and that therefore the jury should determine whether the City of Kirkland is liable for later acts at the Snohomish County Jail. Defendants reply that legal causation, which is at issue here, should be decided by the Court because it rests on policy considerations.

The Court agrees with defendants that legal causation is a question of law to be determined by a court. See Colbert v. Moomba Sports, Inc., 163 Wn.2d 43, 52 (2008). Legal causation "rests on policy considerations as to how far the consequences of defendant's acts should extend. It involves a determination of whether liability should attach as a matter of law given the existence of cause in fact." Hartley v. State, 103 Wn.2d 768, 779 (1985). Here, liability for the acts plaintiff alleges in the Snohomish County Jail should not be attributed to the defendants. Plaintiff's allegations, if true, involve the independent wrongful acts of entirely different actors who are not parties to this case. Defendants cannot fairly be said to have caused these actions, and any evidence regarding plaintiff's treatment at the Snohomish County Jail is irrelevant to defendants' liability.

Defendants' sixteenth motion in limine is GRANTED.

For all of the foregoing reasons, defendants' motions in limine are GRANTED in part, DENIED in part, and RESERVED in part.[1]

Dated this 21st day of August, 2015.

Robert S. Lasnik
United States District Judge

---

[1] The Court notes that the findings and conclusions in this order, like all rulings *in limine*, are preliminary and can be revisited at trial based on the facts and evidence as they are actually presented. See, e.g., Luce v. United States, 469 U.S. 38, 41 (1984) (explaining that a ruling *in limine* "is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the proffer. Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling."). Subject to these principles, the Court issues this ruling for the guidance of the parties.