1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                            )
GALINA MEDVEDEVA,                           )        No. C14-7RSL
                             Plaintiff,     )
                                            )        ORDER GRANTING IN PART,
          v.                                )        DENYING IN PART, AND
                                            )        RESERVING IN PART PLAINTIFF'S
CITY OF KIRKLAND, *et al.*,                  )        MOTIONS IN LIMINE
                                            )
                             Defendants.    )
_____)

This matter comes before the Court on "Plaintiff's Motions in Limine."  Dkt. # 53.

Having reviewed the memoranda, declaration, and exhibit submitted by the parties, the Court

finds as follows:

**(1)  Federal Income Tax Liability**

Plaintiff seeks to exclude evidence regarding whether any recovery by plaintiff would be

subject to taxation.  Defendants do not oppose this limitation and do not intend to offer evidence

on the topic.

Plaintiff's first motion in limine is GRANTED.

**(2)  That Defendants May Have to Pay Judgment Personally**

Evidence regarding assets held by or for the benefit of defendants is relevant to plaintiff's

request for punitive damages and is therefore admissible.  See <u>Bains LLC v. Arco Prods. Co.</u>,

1   Div. of Atl. Richfield Co., 405 F.3d 764, 777 (9th Cir. 2005).  If individual defendants offer

2   evidence regarding their ability to pay a punitive damage award or otherwise mention that they

3   may be responsible for payment of punitive damages, plaintiff will be permitted to offer

4   evidence regarding individual defendants' potential indemnification under RCW 4.96.041(4).

5   See Dallas v. Goldberg, 2002 WL 1013291, at *5 (S.D.N.Y. May 20, 2002) ("[S]ome likelihood

6   of ultimate indemnification . . . may properly be weighed by the jury . . . .").

7          Plaintiff's second motion in limine is DENIED.

8          **(3)  Exclusion of Witnesses**

9          Plaintiff seeks to exclude all non-party witnesses from the courtroom during trial.

10  Defendants do not oppose this request as to fact witnesses, but object as to expert witnesses.

11  Federal Rule of Evidence 615 requires the Court, at a party's request, to exclude witnesses so

12  that they cannot hear other witnesses' testimony, with limited exceptions.  Rule 615 does not

13  authorize excluding "a person whose presence a party shows to be essential to presenting the

14  party's claim or defense . . . ."  Fed. R. Evid. 615(c).  Expert witnesses do not automatically fall

15  under Rule 615(c).  See United States v. Seschillie, 310 F.3d 1208, 1213 (9th Cir. 2002) ("In

16  many circumstances, a potential expert witness will be an 'essential party' within the meaning of

17  Rule 615(3).");  McConnell v. Wal-Mart Stores, Inc., 995 F. Supp. 2d 1164, 1174 (D. Nev. 2014)

18  ("Simply because expert witnesses may base their opinions upon things heard in the courtroom

19  does not mean they are always immune from exclusion before testifying under Rule 615.").

20         Defendants have not substantiated their claim that the mental health and police practices

21  experts are "essential" to presenting their defense; they merely assert that their experts would

22  benefit from hearing live testimony.  Therefore, all witnesses, lay and expert, will be excluded

23  from hearing other witnesses' testimony.  See Opus 3 Ltd. v. Heritage Park, Inc., 91 F.3d 625,

24  629 (4th Cir.1996) ("In the case before us, even if [the expert] were going to testify only as an

25  expert, Heritage Park failed to establish that he needed to hear the trial testimony of the other

26  witnesses in order to render his opinions. [The expert] had received and reviewed all of Opus 3's

ORDER GRANTING IN PART
PLAINTIFF'S MOTIONS IN LIMINE          -2-

1   records, including its expert's records of the cost of services rendered, and had prepared a

2   written analysis well before trial.").

3          Plaintiff's third motion in limine is GRANTED.

4          **(4)  Expert Opinion Evidence from Lay Witnesses**

5          Plaintiffs seek to exclude expert opinion evidence of lay witnesses regarding the

6   reasonableness of the actions of any defendants.  Lay witnesses may testify to facts within their

7   personal knowledge and to opinions and inferences which satisfy Federal Rule of Evidence 701.

8   An opinion offered by a lay witness is not objectionable merely because it embraces an ultimate

9   issue.  Fed. R. Evid. 704.  The Court declines to grant plaintiff's motion in limine in a vacuum.

10  The Court will exclude evidence under the Federal Rules of Evidence if warranted at trial.

11         The Court RESERVES ruling on plaintiff's fourth motion in limine.

12         **(5)  Documents Not Disclosed (Except for Impeachment)**

13         Defendants do not oppose Plaintiff's request to exclude documents not previously

14  produced, unless the documents are used for impeachment purposes or are shown not to have

15  been timely disclosed for good cause.

16         Plaintiff's fifth motion in limine is GRANTED.

17         **(6)  Witnesses Not Disclosed**

18         Defendants do not oppose Plaintiff's request to exclude witnesses, experts, or experts'

19  opinions not previously disclosed, unless the witnesses, experts, or experts' opinions are shown

20  not to have been timely disclosed for good cause.

21         Plaintiff's sixth motion in limine is GRANTED.

22         **(7)  Opinions Regarding Defendants' Veracity or Reasonableness**

23         Plaintiff seeks to exclude evidence regarding individual defendants' character for

24  honesty, testimony that they would not use excessive force on anyone, and evidence regarding

25  defendants' prior good acts.  Defendants state that they do not intend to introduce evidence about

26  the officers' credibility.  Defendants argue that character evidence, and specifically evidence

ORDER GRANTING IN PART
PLAINTIFF'S MOTIONS IN LIMINE            -3-

regarding defendants' reasonableness, is relevant to punitive damages.  Defendants have not cited, and the Court has not located, any case addressing whether defendants' prior good acts are relevant to punitive damages.  A decision regarding the admissibility of this evidence will be better made in the context of trial.

The Court RESERVES ruling on plaintiff's seventh motion in limine.

**(8) Testimony That the Entry Was Lawful**

The parties may not refer to the claims that the Court dismissed on summary judgment, refer to the fact that the Court dismissed these claims, or make allegations related to the dismissed claims.  See Oyarzo v. Tuolumne Fire Dist., 2013 WL 5718882, at *9 (E.D. Cal. Oct. 18, 2013) ("The fact that Defendants motion for summary judgment has been granted in respect to certain claim or defendants is irrelevant and the admission of such evidence is highly prejudicial."); Madani v. Equilon Enterprises, LLC, 2009 WL 3789133, at *2 (C.D. Cal. July 2, 2009) (precluding evidence regarding previously dismissed claims).  If there is common evidence that establishes both a claim that has been dismissed and a remaining claim, that evidence will not be precluded.  The Court also may inform the jury that defendants had a right to enter the apartment and be there when they made contact with the plaintiff.

Plaintiff's eighth motion in limine is GRANTED in part.

**(9) Testimony That the Force Used Was Reasonable and Necessary**

Plaintiff seeks to exclude lay or expert testimony that the force used by officers was necessary, reasonable, or did not constitute excessive force.  Lay or expert testimony that embraces an ultimate issue is not objectionable for that reason alone.  Fed. R. Evid. 704(a).  Opinion testimony must be helpful to the trier of fact.  Fed. R. Evid. 701(b), 702(a).  Testimony regarding legal conclusions is not helpful to the trier of fact and thus may be excluded.  See United States v. Duncan, 42 F.3d 97, 101 (2d Cir. 1994) ("When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's."); see also Crow Tribe of Indians v. Racicot, 87

F.3d 1039, 1045 (9th Cir. 1996) ("Expert testimony is not proper for issues of law."). The Court will not exclude this evidence without the benefit of understanding the testimony in context. Parties may object to testimony during trial and the Court will make its determination regarding the propriety of the testimony at that time.

The Court RESERVES ruling on plaintiff's ninth motion in limine.

**(10) Testimony That Kirkland's Policies and Training on Dealing with the Mentally Ill Are Consistent with Best Practices**

The parties disagree regarding the relevance of and foundation for testimony regarding the City of Kirkland's policies. These disputes are better handled at trial. Plaintiff may object to evidence for lack of relevance or foundation. The Court will rule on those objections at that time.

The Court RESERVES ruling on plaintiff's tenth motion in limine.

**(11) Testimony or Opinion on Credibility**

Credibility determinations are the province of the jury. See United States v. Barnard, 490 F.2d 907, 912 (9th Cir. 1973) ("Credibility, however, is for the jury—the jury is the lie detector in the courtroom."). Information that demonstrates that a witness does not accurately perceive or recount experiences, however, may be admissible. See Brooks v. Haggett, 2010 WL 4226693, at *13 (N.D. Cal. Oct. 21, 2010) (denying motion in limine that sought to exclude evidence relevant to party's ability to accurately recall event).

The Court RESERVES ruling on plaintiff's eleventh motion in limine.

**(12) Plaintiff's Diagnosis, Police Contacts, and Prior Traumas**

Plaintiff seeks to exclude "[a]ll references to plaintiff's medical records showing her diagnosis, her contacts with the police, her mental health, whether she has PTSD, whether she was raped or otherwise traumatized while serving in the army." Dkt. # 53. Because Plaintiff did not identify the specific items of evidence she seeks to exclude, the Court will defer ruling on this motion until plaintiff objects to specific evidence at trial. The more limited requests

1   contained in plaintiff's reply—to exclude information regarding her criminal history and prior

2   drug use—depend upon the relevance of these topics.  Relevance determinations are better made

3   when the Court knows what evidence is being offered, and for what purpose.

4          The Court RESERVES ruling on plaintiff's twelfth motion in limine.

5          **(13)  Amdur Testimony Regarding Diagnoses and Other Traumas**

6          Plaintiff seeks to exclude testimony by Mr. Amdur regarding a variety of topics, most of

7   which relate to plaintiff's personal history and diagnoses.  The Court found Mr. Amdur qualified

8   as an expert to give an opinion regarding officer training and response.  Dkt. # 50 at 5-6.   That

9   does not mean, however, that any topic that Mr. Amdur may testify about "will help the trier of

10  fact to understand the evidence or to determine a fact in issue . . . ."  Fed. R. Evid. 702(a).

11  Plaintiffs may object to Mr. Amdur's testimony at trial on this basis or any other.

12         The Court RESERVES ruling on plaintiff's thirteenth motion in limine.

13         **(14) Opinions as to Plaintiff's Character or Reputation**

14         With limited exceptions, no party may introduce at trial evidence of a party's character

15  trait to show that the party acted in accordance with that trait on a particular occasion.  Fed. R.

16  Evid. 404(a).  Reputation or opinion evidence may be admitted to challenge a witness's

17  character for truthfulness or attack her credibility, and evidence of a witness's truthful character

18  is admissible once her character for truthfulness has been attacked.  Fed. R. Evid. 608(a).  The

19  parties may object to specific evidence at trial on the basis of these or other rules.

20         The Court RESERVES ruling on plaintiff's fourteenth motion in limine.

21         **(15)  Testimony on Conclusions of Law**

22         Plaintiff seeks to exclude testimony containing conclusions of law.  As the Court noted

23  above, testimony that embraces an ultimate issue is not objectionable for that reason alone.  Fed.

24  R. Evid. 704(a).  Because Plaintiff did not identify the specific items of evidence she seeks to

25  exclude, the Court will defer ruling on this motion until plaintiff objects to specific evidence at

26  trial.

ORDER GRANTING IN PART
PLAINTIFF'S MOTIONS IN LIMINE          -6-

1    The Court RESERVES ruling on plaintiff's fifteenth motion in limine.

2    **(16) Evidence that Plaintiff Was Living in Her Mother's Apartment**

3    Plaintiff seeks to exclude testimony regarding whether plaintiff was living legally in her

4    mother's home at the time of the incident because plaintiff claims this evidence is irrelevant to

5    any issue remaining in the case.  The Court declines to determine the relevance of this evidence

6    prior to trial.

7    However, Defendants are instructed not to raise whether plaintiff was living legally in her

8    mother's home during their opening statement.  Before addressing this topic with any witness,

9    defendants must alert the Court of their intention to do so.

10   The Court GRANTS in part and RESERVES ruling in part on plaintiff's sixteenth motion

11   in limine.

12   **(17)  That This Motion Was Filed**

13   The parties agree that evidence pertaining this motion should be excluded.  Neither the

14   fact that the motions were filed nor their resolution is relevant to the remaining causes of action.

15   Neither party shall convey such information to the jury.

16   Plaintiff's motion in limine number 17 is GRANTED.

17

18

19

20

21

22

23

24

25

26

ORDER GRANTING IN PART
PLAINTIFF'S MOTIONS IN LIMINE          -7-

1    For all of the foregoing reasons, plaintiff's motions in limine are GRANTED in part,

2  DENIED in part, and RESERVED in part.[1]

3    Dated this 21st day of August, 2015.

4

5

6                    _MNS Lasnik_

7                    Robert S. Lasnik
                     United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21  _____

22  [1] The Court notes that the findings and conclusions in this order, like all rulings *in limine*, are
    preliminary and can be revisited at trial based on the facts and evidence as they are actually presented.
23  See, e.g., Luce v. United States, 469 U.S. 38, 41 (1984) (explaining that a ruling *in limine* "is subject to
    change when the case unfolds, particularly if the actual testimony differs from what was contained in the
24  proffer.  Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of
    sound judicial discretion, to alter a previous *in limine* ruling.").  Subject to these principles, the Court
25  issues this ruling for the guidance of the parties.

26

ORDER GRANTING IN PART
PLAINTIFF'S MOTIONS IN LIMINE              -8-